UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CV-31-BO

| KEITH DAVID NIZWANTOWSKI, | |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| MONARCH, et al., | |
| Defendant. | |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis*, [DE-2, -10], motions to amend the complaint, [DE-9, -20], motion for expedited review of the *in forma pauperis* application, [DE-17], and for frivolity review of the complaint, [DE-1], pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the motions to amend, [DE-9, -20], are allowed in order to allow Plaintiff to particularize his complaint, and the motion for expedited review of the *in forma pauperis* application, [DE-17], is denied.

On frivolity review, the court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.

*See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff brings this action against Monarch NC, a property management company, and The Ark of NC, the owner of the apartment complex where Plaintiff resides, alleging that he was discriminated against on the basis of his disability and retaliated against for exercising rights protected by federal law, including by creating and maintaining a hostile housing environment in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619. Compl. [DE-1] at 1–2. Plaintiff further alleges that he is a "person with a disability as defined by 42 U.S.C. § 3602(h)"; Defendants knew or should have known of his disability; he engaged in protected activity under the FHA by asserting his rights, objecting to discriminatory conduct, and requesting fair treatment related to his housing; he was subjected to harassment, intimidation, increased scrutiny, and adverse treatment as a result of the protected activity; and, as a result, he suffered emotional distress, anxiety, fear of displacement, and interference with his housing rights. *Id.* at 2–3. Plaintiff seeks to assert claims for disability discrimination, retaliation and interference, and hostile housing environment, pursuant to 42 U.S.C. §§ 3604, 3617. *Id.* at 3–4. Plaintiff seeks monetary damages, as well as injunctive and declaratory relief. *Id.* at 4. Attached to the complaint are the following exhibits: Exhibit A - Plaintiff Declaration; Exhibit B - Timeline of Protected Activity & Retaliation; Exhibit C - Written Complaints/Protected Activity; Exhibit D - Retaliatory Communications/Conduct; Exhibit E- Lease/Proof of Tenancy. [DE-1-1 to -1-6]. Plaintiff subsequently filed a motion for leave to amend in order to correct Defendants' names to "Monarch" and "The Arc of North Carolina Inc.," [DE-9], and a motion for leave to amend to add an individual

2

defendant, [DE-20]. Plaintiff also requests expedited review of his *in forma pauperis* motion. [DE-17].

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This is necessary "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). At the pleading stage, "while a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (internal citations and quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Id.*

> The FHA makes it unlawful:
>
> To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—
>
> (A) that person; or
>
> (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>
> (C) any person associated with that person.

42 U.S.C. § 3604(f)(2). "[A] plaintiff must furnish either direct evidence of discriminatory intent, . . . or proceed under the *McDonnell Douglas* burden-shifting framework, to prove a claim of disability discrimination under Section 3604(f) of the FHA." *Affinity Recovery Ctr., LLC v. Town Commissioners of Sudlersville*, No. 23-CV-00714-LKG, 2024 WL 149835, at *6 (D. Md. Jan. 12, 2024) (quoting *Letke v. Wells Fargo Home Mortg., Inc.*, No. RDB-12-3799, 2013 WL

3

6207836, at *3 (D. Md. Nov. 27, 2013); then citing *Martin v. Brondum*, 535 F. App'x 242, 244 (4th Cir. 2013)). "A plaintiff seeking to prove disability discrimination under Section 3604(f) must also show: (1) that he is handicapped and (2) that he was either discriminated against because of his handicap or denied a reasonable accommodation necessary to allow him the same use and enjoyment of his dwelling as other non-handicapped persons." *Id.* at *6 (citation omitted). The FHA defines "handicap" as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602. Finally, "[t]o prove a claim under the FHA, Plaintiff[ ] must demonstrate that the housing action or practice being challenged was either motivated by a discriminatory purpose or had a discriminatory impact." *May v. Martin Fein Int. Ltd.*, No. 5:21-CV-83-M, 2024 WL 1327371, at *8 (E.D.N.C. Feb. 29, 2024), *adopted by*, 2024 WL 1309177 (E.D.N.C. Mar. 27, 2024), *aff'd*, 2025 WL 1218986 (4th Cir. Apr. 28, 2025).

Here, Plaintiff's complaint largely contains conclusory allegations parroting the statute and includes no facts, other than the dates on which the alleged protected activity and retaliation occurred, to support his claims. For example, Plaintiff has not identified the nature of his disability, the specific discriminatory and/or retaliatory acts, or a link between his disability and the alleged wrongful conduct. *See Twombly*, 550 U.S. at 555; *Swanson v. King*, No. 7:21-CV-80-BO, 2021 WL 3856454, at *2 (E.D.N.C. Aug. 27, 2021) (finding plaintiff failed to state a claim under the FHA where he did not provide any factual support of his complaint). The court has also reviewed the exhibits to the complaint and the motions to amend the defendants' names and to add an individual defendant, and they, likewise, do not provide sufficient factual allegations to sustain an FHA claim. Plaintiff has filed numerous other motions and documents in the case, which may contain more information regarding the nature of his claims, but the court "is not obligated, even

4

for a *pro se* litigant, to comb through volumes of documents searching for claims." *B.D. ex rel. Dragomir v. Griggs*, No. 1:09-CV-439, 2010 WL 2775841, at *7 (W.D.N.C. July 13, 2010), *aff'd*, 419 F. App'x 406 (4th Cir. 2011).

In light of this deficiency, it appears Plaintiff's complaint would be subject to dismissal pursuant 28 U.S.C. § 1915(e) for failure to state a claim. However, given his *pro se* status, he should have the opportunity to particularize his complaint to include a short and plain statement of the facts supporting his claims in order to provide Defendants with notice of the grounds on which his claims rest and to allow the court to conduct the required initial review. *See Harris v. Guilford Cnty. Sheriff's Office*, No. 1:18CV519, 2019 WL 568589, at *2 (M.D.N.C. Feb. 12, 2019) ("If 'a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims.'") (quoting *Veliaminov v. P.S. Bus. Parks*, 857 F.Supp.2d 589, 591–92 (E.D. Va. 2012)). Accordingly, Plaintiff's motions to amend, [DE-9, -20], are allowed, and Plaintiff may file an amended complaint to include a short and plain statement of the facts that form the basis of his claims by no later than **March 13, 2026**, and failure to do so may result in dismissal of the case. The court will conduct its review of any amended complaint under 28 U.S.C. § 1915 in due course, and the motion for expedited review of the *in forma pauperis* application, [DE-17], is denied.

So ordered, this the **20** day of February, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge