IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-31-BO-RJ

KEITH DAVID NIZWANTOWSKI, )
)
Plaintiff, )
)
v. ) O R D E R
)
MONARCH, et al., )
)
Defendants. )

This cause comes before the Court on plaintiff's failure to file a particularized complaint as directed by order entered February 20, 2026. [DE 25]. Several other motions are also pending. *See* [DE 2]; [DE 3]; [DE 7]; [DE 8]; [DE 10]; [DE 15]; [DE 18]; [DE 19]; [DE 21]; [DE 22]. For the reasons that follow, plaintiff's motion to proceed *in forma pauperis* is granted, his complaint is dismissed, and the remaining motions are denied as moot.

BACKGROUND

Plaintiff, who proceeds *pro se*, instituted this action by filing a complaint on January 22, 2026. [DE 1]. He moved for leave to proceed *in forma pauperis* [DE 2] and filed a motion for temporary restraining order and preliminary injunction. [DE 3]. United States Magistrate Judge Robert B. Jones, Jr. enter an order identifying deficiencies in plaintiff's initial filings and ordered plaintiff to correct those deficiencies within fourteen days. [DE 5]. Plaintiff timely filed a corrected motion to proceed *in forma pauperis* on the Court's form [DE 10], a memorandum in support of his motion for temporary restraining order and preliminary injunction [DE 6], a motion requesting to appear virtually at any hearing on his motion for temporary restraining order and preliminary

injunction [DE 7], a motion to restrict public access to sensitive medical information [DE 8], and a motion to amend [DE 9]. Plaintiff subsequently filed a motion for permission to use electronic devices in the courthouse [DE 15], an emergency motion for expedited review of his motion to proceed *in forma pauperis* [DE 17], an emergency motion for temporary restraining order and preliminary injunction [DE 18], a motion for hearing [DE 19], an emergency motion for leave to file an amended complaint [DE 20], an emergency motion for expedited review of his amended complaint [DE 21], and a renewed and expanded motion for reasonable accommodation. [DE 22].

On February 20, 2026, Magistrate Judge Jones entered an order granting plaintiff's motions to amend [DE 9]; [DE 20] in order to allow plaintiff to file a particularized complaint. [DE 25]. Specifically, Magistrate Judge Jones found that plaintiff's complaint would be subject to dismissal pursuant to 28 U.S.C. § 1915(e) but that, in light of plaintiff's *pro se* status, plaintiff should be afforded an opportunity to particularize his complaint. Magistrate Judge Jones further warned plaintiff that failure to file a particularized complaint may result in dismissal of the case. *Id.* Plaintiff was afforded through and including March 13, 2026, to file a particularized complaint, and he has failed to do so.

<u>DISCUSSION</u>

At the outset, the Court has considered plaintiff's motion and corrected motion to proceed *in forma pauperis* [DE 2]; [DE 10], and it determines that plaintiff has adequately demonstrated an inability to pay the filing fee. Accordingly, plaintiff's corrected motion to proceed *in forma pauperis* [DE 10] is GRANTED and his original motion [DE 2] is DENIED AS MOOT.

After allowing a party to proceed *in forma pauperis*, the Court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the Court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can

2

be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Cochran v. Morris*, 73 F.3d 1310, 1315–16 (4th Cir. 1996) (discussing predecessor statute, 28 U.S.C. § 1915(d)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). It must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff proceeding *in forma pauperis*, however, must nonetheless "meet certain minimum standards of rationality and specificity." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Plaintiff brings claims under the Fair Housing Act. 42 U.S.C. §§ 3601, *et seq.*; *see also* [DE 25] at 2-4 (discussing Fair Housing Act retaliation and discrimination claims). He alleges that he engaged in protected activity by asserting his rights and objecting to discriminatory conduct, that in retaliation for his protected activity defendants harassed, intimidated, and subjected plaintiff to adverse treatment, and that defendants created a hostile housing environment. *See* [DE 1] ¶¶ 13-19. As identified by Magistrate Judge Jones, plaintiff's complaint contains conclusory allegations and minimal factual support for his claims. Moreover, while plaintiff has attached several documents to his complaint, it is not incumbent on the Court to comb through the record to find support for plaintiff's claims. *See, e.g., Howell v. Upgrade, Inc.*, No. 6:24-CV-04228-JDA-WSB, 2024 WL 5683321, at *1 (D.S.C. Dec. 6, 2024).

The Court agrees with Magistrate Judge Jones's analysis and finds that plaintiff's complaint fails to allege a plausible claim for relief under the Fair Housing Act. It is therefore appropriately dismissed. As plaintiff has failed to comply with the Court's order to file a particularized complaint, there is no need to afford plaintiff a further opportunity to amend his complaint. Finally, in light of the dismissal of plaintiff's complaint, all remaining motions are denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's corrected motion to proceed *in forma pauperis* [DE 10] is GRANTED and plaintiff's original motion to proceed *in forma pauperis* [DE 2] is DENIED without prejudice AS MOOT. Plaintiff's complaint [DE 1] is DISMISSED for failure to state a claim. All remaining motions [DE 3]; [DE 7]; [DE 8]; [DE 15]; [DE 18]; [DE 19]; [DE 21]; [DE 22] are DENIED without prejudice AS MOOT. The clerk is DIRECTED to close the case.

SO ORDERED, this __1__ day of *April* 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4